United States District Court
Southern District of Texas
**ENTERED**
January 03, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TRENTON CHARLES GARRETT, § § *Plaintiff,* § VS. § STATE OF TEXAS, HARRIS COUNTY § § *Defendant.* § | CIVIL ACTION NO. 4:24-cv-957 |

## ORDER

Pending before this Court is Harris County's ("Defendant") Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint. (Doc. No. 5). Trenton Charles Garrett ("Plaintiff") did not file a response, but instead, filed a "Certification of Non-Response/Non-Performance." (Doc. No. 6). Having considered the motion and the relevant pleadings, the Court **GRANTS** the motion. (Doc. No. 5).

### I.    Background

Proceeding *pro se*, Plaintiff describes himself as an American Indian of the "Holy Citi-state [sic] L'nu'k Tslagai Yavapai Spiritual Private Society." (Doc. No. 1 at 2). He claims that "TRENTON CHARLES GARRETT" is an "artificial person/ens legis," and the "Absolute Supreme Ambassador Chief Black Bear" is the "live flesh and blood natural person." (Doc. No. 1 at 2, 7). From what this Court can gather, it seems Plaintiff was pulled over, searched, and detained by a deputy from the Harris County Sheriff's Department. (*Id.* at 3). According to Defendant, he was subsequently charged with possession of a controlled substance and indicted. (Doc. No. 5 at 2).

While the state case remains pending, Plaintiff has filed this suit, claiming that the "339th District Court [of] Harris County does not possess jurisdiction to prosecute or enforce any orders

against Absolute Supreme Ambassador Chief Black Bear in this matter pursuant to Natural, Ecclesiastical, International, Treaty, and Constitutional Law of the Land."[1] (Doc. No. 1 at 4). Defendant filed its motion to dismiss in lieu of an answer, arguing that (1) the complaint does not satisfy Rule 8(a)(2), (2) Plaintiff's claims are barred by absolute prosecutorial immunity, (3) they are premature under *Heck v. Humphrey*, and (4) the *Younger* abstention applies.

## II.    Legal Standard

This Court's Local Rules state that "[f]ailure to respond to a motion will be taken as a representation of no opposition." S.D. Tex. L.R. 7.4; see also Hanen L.R. 7(D). As stated above, Plaintiff failed to respond to Defendant's motion, instead filing a "Certification of Non-Response/Non-Performance." Therefore, the local rules would allow the Court to grant Defendant's motion as it should be considered unopposed.

Nevertheless, the Fifth Circuit has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation. *See Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (citing *Johnson v. Louisiana*, 757 F.2d 698, 707–09 (5th Cir. 1985); *Ramsey v. Signal Delivery Serv.*, 631 F.2d 1210, 1213–14 (5th Cir. 1980). In other words, where a party does not respond to a motion to dismiss, such failure does not permit the Court to enter a "default" dismissal. Therefore, the Court will consider the merits of the motion.

---

[1] While the caption may make it seem like there are two defendants in this case, it seems Harris County is the sole defendant. The Complaint names "STATE OF TEXAS/HARRIS COUNTY"—with a slash—as "Respondent(s)" and complains of a prosecution conducted by the Harris County District Attorney's Office. (Doc. No. 1). Moreover, only one summons was requested, issued, and returned. The return of service states that the "[n]umber of parties to be served in this case" is "1," and Defendant is to be served at "STATE OF TEXAS HARRIS COUNTY C/O District Attorney et al." (Doc. No. 4 at 1). These facts all indicate that Harris County is the sole, intended defendant.

2

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.* "Although pro se litigants are entitled to liberal construction of their pleadings, they must still 'state a plausible claim to relief.'" *Dunbar v. Pena*, 827 F. App'x 419, 420 (5th Cir. 2020).

### III. Analysis

Plaintiff has not made clear the basis for this Court's jurisdiction over his suit. Nevertheless, reading his Complaint liberally, the Court assumes that he brings constitutional and federal-law

3

challenges to the jurisdiction of the state court, given his reference to "International, Treaty, and Constitutional Law of the Land." (Doc. No. 1 at 4). Thus, presumably, he is bringing this suit under 28 U.S.C. § 1331.

Assuming, *arguendo*, this Court has jurisdiction under § 1331, it still cannot exercise it in this case. As the Supreme Court has expressed, "national policy forbid[s] federal courts to stay or enjoin pending state court proceedings except under special circumstances." *Younger v. Harris*, 401 U.S. 37, 41 (1971). Thus, under the *Younger* abstention, a federal court must decline to exercise jurisdiction when "(1) the federal proceeding would interfere with an 'ongoing state judicial proceeding,'; (2) the state has an important interest in regulating the subject matter of the claim, and (3) the plaintiff has 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Bice v. La. Public Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012).

In this case, all three elements of *Younger* abstention are met, and thus, this Court must decline to exercise its jurisdiction over Plaintiff's claims. First, Plaintiff's suit would interfere with an ongoing state proceeding because he seeks "immediate notice of estoppel pertinent to" his criminal case. (Doc. No. 1 at 12). Second, Texas "has a strong interest in enforcing its criminal laws." *DeSpain v. Johnston*, 731 F.2d 1171, 1176 (5th Cir. 1984). Third, Plaintiff can litigate the jurisdictional issues in state court, and he can appeal any adverse decisions or verdicts.

Moreover, exceptions to the *Younger* abstention do not apply. Courts may disregard the *Younger* doctrine only when: "(1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it, or (3) application of the doctrine was waived." *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004) (citing *Younger*, 401

U.S. at 49)). Here, not only does Plaintiff not argue or even mention these exceptions, but the pleadings also do not establish the first or second exceptions, and Defendant clearly has not waived this doctrine because it invokes it in its motion to dismiss. Thus, the *Younger* doctrine applies, and the Court must decline to exercise its jurisdiction here.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**. (Doc. No. 5). This case is dismissed.

Signed on this 3rd day of January 2025.

Andrew S. Hanen
United States District Judge